# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell: (917) 273-2693
nboxer@pkbllp.com

June 12, 2023

**By CM/ECF**

The Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Alice Gille, as Proposed Administrator of the Estate of Nicholas Papandreou* et al. *v. The State of New York,* et al.

      No. 2:22-CV-02974 (NRM) (LGD)

Dear Judge Morrison:

  Pursuant to Section 5.1.2. of this Court's Individual Rules, and on behalf of our client, Defendant Dr. Howard A. Zucker, the former Commissioner of the New York State Department of Health ("DOH"), we respectfully request a pre-motion conference in anticipation of making a motion to dismiss Plaintiffs' Second Amended Complaint (the "Amended Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

  On April 27, 2023, the Court granted Plaintiffs' application for leave to file an amended complaint, and found as moot Defendants' Letters for a Pre-Motion Conference; Dr. Zucker's Letter for a Pre-Motion Conference was filed on October 21, 2022. (Apr. 27, 2023, ECF Order; Zucker Letter for Pre-Motion Conf., ECF No. 47.) The Court also gave Defendants 14 days from service of Plaintiffs' amended complaint to file any requests for a pre-motion conference. (Apr. 27, 2023, ECF Order.) Plaintiffs filed their Amended Complaint on May 30, 2023. (Sec. Am. Compl., ECF No. 59.)

  Plaintiffs alleged that they are administrators and executors of the estates of three former residents of the Long Island State Veterans Home ("LISVH") who passed away between May 2020 and January 2021. They allege claims against LISVH, six of its current and former employees, and its alleged owners and/or operators, Stony Brook University, and the State University of New York, asserting "class" claims under 42 U.S.C. § 1983 and the Due Process Clause of the U.S. Constitution, statutory claims under New York's Public Health Law, and common law wrongful death, negligence, and other claims. The Amended Complaint also names as Defendants DOH and Dr. Zucker, but does not identify any specific connection between them and the claims alleged, beyond DOH's and Dr. Zucker's statewide roles. (*See* Sec. Am. Compl. ¶

June 12, 2023
Page 2

139.)  For the reasons set forth below, Plaintiffs have not stated any valid claims against Dr. Zucker.

*First*, Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.  Unless abrogated by Congress, sovereign immunity bars private suits against unconsenting States and their agencies, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985), and "[i]t is well-established that New York State has not consented to § 1983 suits in federal court ... and that § 1983 was not intended to override a state's sovereign immunity."  *Mamot v. Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citations omitted).  "Claims against state employees in their official capacity are deemed claims against the state itself," and, therefore, "are [also] barred by the Eleventh Amendment."  *Nash v. McGinnis*, 585 F. Supp. 2d 455, 464 (W.D.N.Y. 2008) (citing *Graham,* 473 U.S. at 166) (additional citations omitted).  Here, Plaintiffs' claims against Dr. Zucker relate solely to his official capacity as the Commissioner of DOH.  While the Amended Complaint alleges that "The Defendants, individually and officially, violated the rights of Nicholas Papandreou, Louis A. Garofolo, Vincent J. Vallario . . . ." (Sec. Am. Compl. ¶ 139), any allegation that Dr. Zucker acted in his individual capacity is conclusory and insufficient to withstand a motion to dismiss.  *See Tricoles v. Bumpus*, No. 05-CV-3728 (JFB) (JO), 2006 WL 767897, at *2 (E.D.N.Y. Mar. 23, 2006) (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir.2002)) ("'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'").  Thus, "the Eleventh Amendment divests this Court of subject matter jurisdiction" over Dr. Zucker.  *See Jones v. Papa*, No. 21-CV-1099 (JMA) (ST), 2021 WL 4123056 at *3 (E.D.N.Y. Sept. 8, 2021).

A recent precedent in the Eastern District of New York further supports dismissal of Plaintiffs' Amended Complaint because of sovereign immunity and lack of subject matter jurisdiction.  On March 4, 2021, plaintiff Mary Mauro filed a complaint in the Eastern District of New York on behalf of herself and her deceased husband against Andrew Cuomo, Dr. Zucker, Fred Sganga, The Long Island State Veterans Home, and State University of New York.  (*See* No. 2:21-CV-1165 (HG) (ARL), Compl., ECF No. 1.)  In that case, the plaintiffs alleged that Dr. Zucker was part of a group of defendants who prevented Mrs. Mauro from visiting her husband in a nursing home during the COVID-19 pandemic.  (*See id.* ¶¶ 2, 28–50.)  As in the instant case, plaintiffs in *Mauro* alleged their causes of action under 42 U.S.C. § 1983.  (*See id.*)  On March 8, 2023, the Hon. Hector Gonzalez granted defendants' motions to dismiss, finding that, because of sovereign immunity, Dr. Zucker was immune from plaintiffs' claims against him for any actions taken in his official capacity, and that qualified immunity protected Dr. Zucker from any claims against him in his individual capacity, because plaintiffs did not sufficiently plead a violation of their federal rights.  *Mauro v. Cuomo*, No. 2:21-CV-1165 (HG) (ARL), 2023 WL 2403482, at *2–5 (E.D.N.Y. Mar. 8, 2023).  A similar result should occur here.

*Second*, even if Plaintiffs could be deemed to have asserted a § 1983 claim against Dr. Zucker in his individual capacity, any such claim should be dismissed, because qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

June 12, 2023
Page 3

Qualified immunity, which is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably[,]" *id.*, "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Panzella v. Cnty. of Nassau*, No. 13-CV-5640 (JMA) (SIL), 2015 WL 5607750, at *8 (E.D.N.Y. Aug. 26, 2015) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). Here, Plaintiffs' allegations against Dr. Zucker concern a March 25, 2020, DOH advisory, "Hospital Discharges and Admissions to Nursing Homes" ("Advisory," Sec. Am. Compl., Ex. D), allegedly issued "under the direction of" Dr. Zucker. (Sec. Am. Compl. ¶ 57.) In relevant part, the Advisory prohibited nursing homes from denying admission or re-admission of their residents "solely based on a confirmed or suspected diagnosis of COVID-19" (Advisory, Sec. Am. Compl., Ex. D) which, according to a report issued by the New York State Attorney General, "was consistent with the U.S. Centers for Medicare & Medicaid Services ("CMS") guidance [issued] on March 4" and CDC guidance referenced therein. (N.Y. State Off. of the Att'y Gen. Letitia James, *Nursing Home Response to COVID-19 Pandemic* 36 (revised Jan. 30, 2021); "NYAG Report," Sec. Am. Compl., Ex. F).

Among other deficiencies, Plaintiffs have not plausibly alleged that issuance of the Advisory constituted conduct violative of clearly established statutory or constitutional rights of which a reasonable person would have known – in other words, that "any reasonable official would have known *for certain* that [Dr. Zucker's] conduct," as alleged, "was unlawful under then-existing precedent." *Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 187 (2d Cir. 2020) (emphasis added) (citing *Ziglar v. Abbasi*, ⎯⎯ U.S. ⎯⎯, 137 S. Ct. 1843, 1867 (2017)).

In *Mauro v. Cuomo*, *see supra*, the court held that plaintiffs "failed to establish that a reasonable state official confronted with the facts then known by the Defendants would have believed that their actions were unlawful." 2023 WL 2403482, at *7. It found that "'[w]hen [State] officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad,'" *id.* at *6 (quoting *South Bay United Pentecostal Church v. Newsome*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring in the judgment)), and in order to protect that latitude, "federal courts around the country have granted state officials qualified immunity at the motion to dismiss stage for restrictions implemented during the COVID-19 pandemic on account of the public health crisis, and the ongoing and changing circumstances." *Id.* (citing six federal cases). With respect to the allegations in the instant Amended Complaint, the facts and circumstances Dr. Zucker faced were the same as in *Mauro* -- "evolving and dynamic circumstances" created by the COVID-19 pandemic. Plaintiffs here have not shown that a reasonable state official with the same facts known by Dr. Zucker would have believed that her or his actions were unlawful. *See id.* at *7.

Additionally, while the Amended Complaint alleges that Dr. Zucker "played a pivotal and decision-making role in the State's efforts to withhold relevant health information" (Sec. Am. Compl. ¶ 61), it does not plead a connection between that allegation and the alleged claims. Plaintiffs appear to suggest that Dr. Zucker owed a duty to adhere to "accepted professional standards for the provision of medical and nursing care" with respect to LISVH residents, (*see,*

June 12, 2023
Page 4

*e.g.*, *id.* ¶ 143), but Plaintiffs also do not allege that Dr. Zucker was acting in his capacity as a medical doctor in connection with any of the alleged conduct.

*Third*, Plaintiffs fail to plausibly allege any causal connection between Dr. Zucker, the Advisory, and the deaths at issue. The Amended Complaint fails to allege *any* interaction between Dr. Zucker and *any* LISVH staff member or resident, instead relying on the NYAG Report's suggestion that post-Advisory nursing home admissions "*may* have contributed to increased risk of nursing home resident infection, and subsequent fatalities[.]" (NYAG Report, Sec. Am. Compl., Ex. F, at 37) (emphasis added). Plaintiffs' attempt to connect the Advisory to the deaths at issue is "too attenuated to be a plausible basis for showing [Dr. Zucker]'s personal involvement" in the alleged claims, *see Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *17 (S.D.N.Y. Mar. 7, 2016) (finding that plaintiffs' attempts to connect an NYPD "mass arrest" policy to two specific false arrests were "too attenuated" to show personal involvement of the Chief of the NYPD to make out a Section 1983 claim against him), and they do not allege that a constitutional deprivation was a "foreseeable consequence" of the Advisory, as required to state a § 1983 claim. *See id.* at *16. Plaintiffs also cannot rely solely on Dr. Zucker's position as the Commissioner of DOH, as "[a]n individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." *Licari v. Toulon*, No. 22-CV-0148 (JMA) (SIL), 2022 WL 493210, at *3 (E.D.N.Y. Feb. 17, 2022) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)) (cleaned up).

*Fourth*, Plaintiffs' various State law claims are insufficient for additional reasons: (i) they fail to allege any legally cognizable individual duty owed to Plaintiffs by Dr. Zucker, and (ii) the relevant portions of New York Public Health Law Sections, 2801-d and 2803-c, concern, respectively, the obligations of a "residential health care facility" and a "nursing home and facility providing health related service," of which Dr. Zucker is neither.

Finally, Plaintiffs' § 1983 claims should also be barred pursuant to the Public Readiness and Emergency Preparedness Act of 2005, 42 U.S.C. §§ 247d-6d, 247d-6e.

Accordingly, Dr. Zucker respectfully requests a pre-motion conference in anticipation of making a motion to dismiss the Amended Complaint.

                    Respectfully submitted,

                    /s/ Nelson A. Boxer
                    Nelson A. Boxer
                    Caelyn Stephens
                    Deepa Devanathan