UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALICE GILLE, as Administratrix of the Estate
of Nicholas Papandreou; LOUIS GAROFOLO
and PETER GAROFOLO, as Executors of the
Estate of Louis A. Garofolo; LAURA G.
BUNZEL and VALERIE J. CONNELLY, as
Executrices of the Estate of Vincent J. Vallario;
for themselves and on behalf of others
similarly situated,

                Plaintiffs,

v.

STONY BROOK UNIVERSITY, and
LONG ISLAND STATE VETERANS HOME

                Defendants.
------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

No. 22-cv-2974 (NRM) (LGD)

**NINA R. MORRISON**, United States District Judge:

    Now before the Court is the Report and Recommendation ("R&R") of the Hon. Lee G. Dunst, United States Magistrate Judge, on the Defendants' Motion to Dismiss (ECF No. 76) Plaintiffs' Second Amended Complaint (ECF No. 59). The R&R was filed on March 18, 2025 (ECF No. 82). With leave of the Court, Plaintiffs were granted additional time to file objections to the R&R, which they proceeded to timely file on April 7, 2025 (ECF No. 84).

    Judge Dunst has recommended that this Court grant Defendants' motion to dismiss in its entirety, concluding that the only two remaining Defendants in this action — Long Island State Veterans Home ("LISVH") and Stony Brook University

1

("SBU") — are immune from suit by reason of sovereign immunity. As a second, alternative ground for dismissal, Judge Dunst recommended that the Court grant the motion because neither Defendant is a suable entity under 42 U.S.C. § 1983, which is the vehicle through which Plaintiffs bring their federal cause of action against these two remaining defendants.

Because Plaintiffs have objected to each and every portion of the R&R, the Court now conducts a *de novo* review of the R&R and the issues raised in the original motion to dismiss, Plaintiffs' opposition, and Defendants' reply. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

Upon *de novo* review, this Court agrees that the motion to dismiss should be granted with prejudice. Specifically, the Court adopts in full that portion of the R&R recommending that the motion be granted on the ground that none of the Defendants are "persons" or other entities who are suable under 42 U.S.C. § 1983. *See* R&R at 18–21. As cogently detailed by Judge Dunst in the R&R, while municipalities can, in some circumstances, be held liable for violations of a plaintiff's constitutional rights under Section 1983, such liability does not extend to states or state entities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989). Contrary to Plaintiffs' contention, the only two remaining defendants in this action — LISVH and SBU — are not municipalities subject to suit under Section 1983 under the long line of cases that delineate the requirements that must be met for Defendants to so qualify, nor is

2

there any other ground for this Court to extend that designation to these Defendants. And since all of Plaintiffs' claims for relief pursuant to the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. §1396r, are tied to their assertion that any private right of action under that statute (as well as under the Due Process Clause) is enforceable under Section 1983, the fact that neither of the remaining Defendants are suable under Section 1983 is fatal to their federal claims. Those causes of action are therefore subject to dismissal under Rule 12(b)(6).

The Court has considered whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims under 28 U.S.C. §1367(c) and declines to do so. For the reasons stated by Judge Dunst in the R&R, *see* R&R at 21, there is no basis to depart from the general rule that a district court must typically return a case to state court where, as here, all claims over which it may have had original jurisdiction have been dismissed from the case. In addition, declining to exercise supplemental jurisdiction serves the interests of judicial economy, because this Court therefore need not reach the disputed (and more complicated) question of whether LISVH and SBU are "'state agents and state instrumentalities' that are, effectively, arms of a state," and therefore entitled, under the Eleventh Amendment to the United States Constitution, to sovereign immunity from suits brought in federal court. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). While Judge Dunst thoughtfully detailed the reasons why, in his view, these Defendants are entitled to Eleventh Amendment immunity, *see* R&R at 12–18, returning Plaintiffs' state law

3

claims to the New York courts obviates the need for this Court to reach that issue. Nor does the Court need to decide whether (1) the State of New York has waived sovereign immunity with respect to either LISVH or SBU, nor whether (2) Congress at any time expressly or impliedly abrogated Defendants' sovereign immunity (including, but not limited to, when Congress enacted FNHRA). *See* R&R at 17–18.

Finally, the Court agrees with Judge Dunst that, in light of the clear legal barriers to suit under Section 1983 as to both remaining defendants, giving Plaintiffs leave to amend their complaint for a third time would be futile, and the Second Amended Complaint should be dismissed with prejudice. *See* R&R at 22, 22 n.11.

Accordingly, the Court hereby adopts in full those portions of the R&R (1) recommending dismissal, with prejudice, of the Second Amended Complaint on the ground that Defendants are neither "persons" nor other entities subject to suit under 42 U.S.C. §1983, and (2) finding that there is no basis to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Accordingly, Defendants' motion to dismiss is hereby GRANTED, and the action is dismissed with prejudice.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: May 27, 2025
Brooklyn, New York

4